UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG JUN XUN,<br>           Plaintiff,<br>    v.<br>CAROLYN W. COLVIN,<br>           Defendant. | Case No. 14-cv-03811-HSG<br><br>**ORDER DENYING MOTIONS TO ALTER OR AMEND JUDGMENT**<br>Re: Dkt. Nos. 30, 32 |

Plaintiff Hong Jun Xun sought judicial review of Administrative Law Judge ("ALJ") Mary P. Parnow's decision that he is not disabled under § 1614(a)(3)(A) of the Social Security Act. On May 29, 2015, the Court granted in part Plaintiff's motion for summary judgment and denied Defendant Commissioner of Social Security Administration ("SSA") Carolyn W. Colvin's cross-motion for summary judgment. Dkt. No. 28 ("Order"). Both parties now move to alter or amend the judgment. For the reasons articulated below, the Court DENIES the motions.

**I.  BACKGROUND**

The relevant factual background for these motions is sufficiently laid out in the May 29 Order, and will not be repeated here. *See* Order at 1-2, 4-5.

**II.  DISCUSSION**

    **A.  Legal Standard**

A motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of

1  finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d
2  877, 890 (9th Cir. 2000) (internal quotation marks omitted). "A district court has considerable
3  discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v.*
4  *Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

### B. Motions To Alter Or Amend Judgment

Defendant asserts four grounds for her motion: (1) the Court's misstatement of the relevant facts in *Dotson v. Astrue*, No. 10-cv-00243-SKO, 2011 WL 1883468 (E.D. Cal. May 17, 2011), constituted clear legal error; (2) the Court erroneously instructed the ALJ to apply a presumption of disability; (3) the Court erroneously concluded that there was not substantial evidence to support the ALJ's ruling; and (4) the Court's order to consider the 1993-2008 Case File is impossible for the ALJ to comply with because that Case File has been destroyed.

Plaintiff opposes Defendant's motion and separately asks the Court to alter its judgment to remand the case for the sole purpose of calculating benefits. Plaintiff argues that SSA's destruction of the 1993-2008 Case File was unlawful, that he is entitled to an adverse inference based on the Case File's destruction, and that as a result "there is nothing further for the ALJ to review." Dkt. No. 32 ("Pl. Mot.") at 5.

#### i. *Dotson v. Astrue*

The only explicit identification of "legal error" in Defendant's motion relates to the Court's interpretation of *Dotson*. *See* Dkt. No. 30 ("Def. Mot.") at 4. In her cross-motion for summary judgment, Defendant argued that *Dotson* supports the ALJ's determination that evidence related to the 1993 Decision is not relevant to Plaintiff's current application for disability benefits. In the May 29 Order, the Court distinguished *Dotson* from the present case by noting in a parenthetical that the *Dotson* court found that the "ALJ did not err by failing to consider medical evidence submitted in support of prior benefits application where prior application was denied and plaintiff claimed a disability onset date after prior application date." Order at 9. Defendant now protests that the Court's description of *Dotson* constituted "legal error" because the alleged disability onset date in that case actually occurred before both the prior application date and the present application date.

While the Court acknowledges that it inadvertently misstated the timeline of events in *Dotson*, the mistaken parenthetical description does not constitute legal error. *Dotson* remains distinguishable from the present case because the evidence presented by the *Dotson* plaintiff was considered *and rejected* in her prior benefits application. *See* 2011 WL 1883468, at *5. Here, the Court directed the ALJ to consider clearly relevant evidence that *formed the basis for* the 1993 award of disability benefits. *Dotson* is not persuasive here.

### ii. Presumption of Disability

Defendant contends that "[a]lthough this Court noted that Plaintiff is not entitled to a presumption of continuing disability, its Order appears to direct the agency to apply such a presumption on remand." Def. Mot. at 6. Defendant does not explicitly argue that the Court "committed clear error or made an initial decision that was manifestly unjust" in this regard, nor could it. The May 29 Order unambiguously states that "[t]he Court agrees with Defendant" that Plaintiff is "not entitled to a presumption of continuing disability where, as here, a claimant reapplies for social security benefits more than one year after the termination of a prior benefits award." Order at 9. But, as further elaborated upon in the May 29 Order, "while no *presumption* of disability applies here, evidence related to the 1993 Decision and the ensuing 15-year benefits payment period is highly relevant and must at least be considered by the ALJ." *Id.* (emphasis in original).

### iii. Substantial Evidence

Defendant also renews her catch-all summary judgment argument that the ALJ's "conclusion is supported by substantial evidence." Def. Mot. at 9. Again, Defendant does not identify any "newly discovered evidence," clear legal error, or "intervening change in controlling law" to support an alteration of the May 29 Order. The Court finds that the relevant facts and law have not changed, and thus stands by its conclusion that "[t]he ALJ erred by not providing any explanation for her failure to adequately consider the significant probative evidence relating to the 1993 Decision and the 1993-2008 Case File." Order at 11 (internal quotation marks omitted).

### iv. 1993-2008 Case File

Finally, Defendant asks the Court to revise the May 29 Order to reflect the fact that SSA

destroyed the 1993-2008 Case File in 2010, and therefore the Case File cannot be considered by the ALJ. As an initial matter, Defendant inaccurately claims that she "stated in her cross-motion for summary judgment[] that [the] file is not missing" and was destroyed in 2010. Def. Mot. at 6. Defendant did not acknowledge the actual destruction of the Case File until briefing on the present motions to alter judgment. *Compare* Dkt. No. 23 at 8 ("[T]he agency should have disposed of the medical records from Plaintiff's 1993 claim in 2010, two years after his SSI payments were terminated for non-medical reasons."), *with* Def. Mot. at 6 ("[T]he agency properly destroyed [the 1993-2008 Case File] in 2010, pursuant to Federal records destruction mandates."). Furthermore, Defendant ignores the Federal record destruction guidance that requires the preservation of "[a]ll claim file records involved in court cases." Dkt. No. 23-2 at 13. The 1993-2008 Case File appears to fall squarely within the category of documents required to be preserved, as the termination of Plaintiff's benefits in 2008 has been the subject of "court cases" ever since. *See* Dkt. No. 23 at 3 n.2.

The SSA's quite possibly improper destruction of highly relevant evidence in this case does not relieve the ALJ of her responsibility to comply with the May 29 Order and "consider the import of the 1993 Decision and the related medical evidence in the context of that prior determination, as well as the 1993-2008 Case File." Order at 11. If it is true that "[t]he agency can make every reasonable effort to reconstruct the records from that file with available evidence," Def. Mot. at 9, then it most certainly should. If certain records cannot be obtained due to their destruction, the ALJ should consider whether an adverse inference is warranted. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991).[1] At the very least, pursuant to the May 29 Order, the ALJ must make a fully-considered evidentiary finding on the record regarding the 1993

---

[1] Plaintiff argues that "he is *entitled* to an adverse inference regarding [the Case File's] contents," and cites to *Geschke v. Astrue*, 2008 U.S. Dist. LEXIS 124534, *35-36 (W.D. Wash. Sept. 18, 2008). Pl. Mot. at 4 (emphasis added). On appeal, however, the Ninth Circuit found that the *Geschke* plaintiff had not established an adequate basis under *Akiona* for drawing an adverse inference from the spoliation of the plaintiff's case file. *Geschke v. Astrue*, 393 Fed. App'x 470, 473 (9th Cir. 2010). The Court therefore does not rule on whether an adverse inference is warranted here, but rather directs the ALJ to consider all of the relevant facts before her in order to make that determination.

Decision and the 1993-2008 Case File in order to make the required "complete examination of the longitudinal nature of Plaintiff's mental impairments." *Kimmins v. Colvin*, No. 12-cv-04206-YGR, 2013 WL 5513179, at *10 (N.D. Cal. Oct. 4, 2013). Because material remains for the ALJ to consider and weigh, the Court denies Plaintiff's motion to remand directly for the payment of benefits.

### III. CONCLUSION

For the reasons stated above, the parties' motions are DENIED. The case is remanded for further proceedings as set forth in the Court's May 29 Order.

**IT IS SO ORDERED.**

Dated: August 19, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

5